UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re

JAMES HO,                                              CASE NO. 16-44229
a.k.a. JAMES SING CHAN CHO,            SECOND AMENDED
a.k.a. SING C CHAN-HO                       CHAPTER 13 PLAN
a.k.a. JAMES SING CHAM HO
a.k.a. JAMES SING HO

                                        Debtor

----------------------------------------------------------x

    1.  The future earnings of the Debtor are submitted to the supervision and control of the Chapter 13 Trustee and the Debtor shall pay to the Trustee for a total period of 60 months, the sum of:

        A.  $500.00 from October 2016, through September 2021.

    2.  From the payments so received, the Trustee shall make disbursements as follows:

        A.  Payment to holders of allowed secured claims.  Such claimants shall retain the liens securing such claims and shall be paid as follows:

> Chase Mortgage (First Mortgage): The creditor is secured by the real property known as 5027 193rd Street, Fresh Meadows, NY 11374. The pre-petition arrears of $1,060.91 shall be paid by this plan.  The Debtor shall remit post-petition mortgage payments directly to this creditor outside of the plan.

> Chase Mortgage (HELOC): This creditor is secured by the real property known as 5027 193rd Street, Fresh Meadows, NY 11374.  Any pre-petition arrears shall be paid by this plan. The Debtor shall remit post-petition monthly payments directly to this creditor outside of the plan.

        B.  Payment to holders of priority claims.  Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507(a)(1) and (a)(8), including the Chapter 13 Trustee's commissions, and any claims of the state and federal taxing authorities.

        C.  Subsequent to distribution to the Chapter 13 Trustee and other priority creditors, dividends to unsecured creditors whose claims are duly allowed as follows:  Pro rata distribution to all unsecured creditors.

      3. The following executory contracts of the debtor are rejected:    None.

      4. Title to the Debtor's property shall revest in the debtor on completion of the plan, or dismissal of the case, unless otherwise provided for in the Order confirming this plan.

      5. Throughout the term of this plan, the Debtor agrees he (1) will not incur post-petition debt over $3,500.00 without first notifying the Chapter 13 trustee in writing and (2) if unsecured creditors are paid pursuant to paragraph 2(c) less than one hundred percent (100%), the Debtor shall provide the Chapter 13 Trustee with signed copies of his filed federal and state tax returns, for the tax years of 2016, 2017, 2018, 2019, and 2020, each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt for the life of the plan, however no later than June 15th of the year in which the tax returns are filed.

Dated: November 2, 2016                         /s/James Ho
                                                                         James Ho
                                                                         Debtor

/s/Norma E. Ortiz
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
3272 Steinway Street
Suite 402
Astoria, New York 11103
Tel. (718) 522-1117
*Debtor's Counsel*