Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Suite 402
Astoria, New York 11103
Tel. (718) 522-1117
Norma E. Ortiz, Esq.
Martha J. de Jesus, Esq.
*Attorneys for the Debtor*

Hearing Date: May 15, 2017
Presentment Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

In re:                                          Chapter 13

JAMES HO,                                       Case No. 16-44229
a.k.a. JAMES SING CHAN CHO
a.k.a. SING C CHAN-HO
a.k.a. JAMES SING CHAM HO
a.k.a. JAMES SING HO

              Debtor.

---------------------------------------------------x

## RESPONSE TO MOTION TO DISMISS CASE

James Ho (the "Debtor"), by and through his attorneys Ortiz & Ortiz, L.L.P., hereby

responds to the Motion to Dismiss Case ("Motion") filed by the Chapter 13 Trustee (the

"Trustee"). In support thereof, the Debtor states as follows:

### BACKGROUND

1.      On September 22, 2016, (the "Petition Date"), the Debtor filed a voluntary

petition for relief under Chapter 13 of the Bankruptcy Code.

2.      The Debtor's first Section 341 meeting was held scheduled for November 2, 2016.

The meeting could not be held on that date and was rescheduled.

3.      The Debtor provided the Trustee with requested documents prior to the adjourned

meeting.

4.      On January 4, 2017, the Debtor was interviewed and his Section 341 meeting closed by the Trustee.

5.      On April 27, 2017, the Trustee filed the Motion based on the following grounds: (1) failure to provide proof of post-petition mortgage payments seven business days before the first meeting of creditors as required by E.D.N.Y. LBR 2003-1(a)(vi); (2) failure to provide the Trustee with proof of post-petition mortgage payments seven days before the first date set for confirmation of the Chapter 13 Plan as required by E.D.N.Y. LBR 2003-1(b)(i); (3) failure to provide the Trustee with a copy of affidavit from the Debtor stating whether the Debtor has filed all applicable federal, state and local tax returns under the Bankruptcy Code Section 1308 as required by E.D.N.Y. LBR 2003-1(b)(iii); and (4) file the original affidavit with the Court as required under subdivisions (b)(ii) and (iii) as required by E.D.N.Y. LBR 2003-1(c).

## **ARGUMENT**

6.      The Debtor does not dispute these occurrences, but respectfully submits that, for the following reasons, the Court should find that the Debtor's delay does not warrant dismissal of the case.

7.      The Debtor's failure to comply with Local Rule 2003-1 was unintentional and he has since complied with these requirements.  The Debtor provided the required documents to the Trustee and his Section 341 meeting has been conducted and closed.  On May 3, 2017, the Debtor filed a declaration regarding his compliance with domestic support obligations and filing of tax returns as Docket No. 37.

8.      The undersigned has personally contacted the Debtor's mortgagee and confirmed

2

that the Debtor was current on his mortgage payments prior to his adjourned confirmation

hearings.

9.      As a result, the Debtor has cured the grounds in the Motion and his case should

not be dismissed.

WHEREFORE, the Debtor requests that the Court deny the Trustee's Motion and for

such further relief as the Court deems appropriate.

Dated: May 8, 2017
        Queens, New York

 /s/Martha J. de Jesus
Martha J. de Jesus, Esq.
Ortiz & Ortiz, LLP
32-72 Steinway Street, Suite 402
Astoria, New York  11103
Tel. (718) 522-1117
*Attorneys for the Debtor*